| | |
|---|---|
| The Law Offices of Avrum J. Rosen, PLLC | Hearing Date: February 25, 2025 |
| 38 New Street | Hearing Time: 3:00 p.m. |
| Huntington, New York 11743 | |
| (631) 423-8527 | |
| Avrum J. Rosen, Esq. | |
| arosen@ajrlawny.com | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

    Upper Room Babtist Church,                                      Case No. 25-40070-nhl

                                   Debtor.

-----------------------------------------------------------x

**MOTION OF 180 VAN BUREN LLC, TO APPOINT A CHAPTER 11 OPERATING TRUSTEE**

TO:    HONORABLE NANCY HERSHEY LORD
           UNITED STATES BANKRUPTCY JUDGE

180 Van Buren LLC, ("Van Buren") an interested party in the above captioned case, by its attorneys, the Law Offices of Avrum J. Rosen, PLLC, as and for its Motion to Appoint a Chapter 11 Operating Trustee, represents as follows:

**PRELIMINARY STATEMENT**

1.      The Debtor is a defunct church that filed a *pro* se chapter 11 petition that listed only one creditor, a personal injury claimant with a judgment in excess of a million dollars. This Court has a motion to dismiss this case on the basis that there is no retained counsel. Van Buren has a fully executed ground lease for the Debtor's real property located at 180 Van Buren Street, Brooklyn, New York (the "Property"). Both prior to and during the Debtor's chapter 11 case, the Debtor has proven at every turn that it has completely abrogated its fiduciary duty to creditors. The Debtor has failed to have liability insurance for years and has been sued several times for personal injuries on the property, which is an abandoned church. One of those actions resulted in a judgment against the Debtor in 2018 for $$700,000.00, that is now well over

$1,200,000.00. A copy of that judgment and the decision refusing to vacate the default is annexed hereto as Exhibit "A".

2. In addition, because the Church ceased operating, or perhaps due to other breaches of the Not-for-profit law in New York, the Debtor lost its real estate tax exemption, failed to pay the taxes and now has tax liens against the Property of over $ 212,723.51 as of 2019, with interest accruing thereon at 18% percent per annum, compounded daily. A copy of the tax lien action is annexed hereto as Exhibit "B". Also annexed to Exhibit "B" is a Tax Lien Forbearance Agreement that , upon information and belief, the Debtor either never signed or defaulted under.

3. There are two other personal injury actions against the Debtor. Copies of those actions are annexed hereto as Exhibit "C". The Debtor's attorneys, Windel's Mark, was not even notified of the Debtor's Bankruptcy filing and has made motions in two separate cases to be relieved as counsel. The moving papers in both cases are annexed hereto as Exhibit "D" .These motions provide a detailed recitation of the Debtor's complete abrogation of its fiduciary duty to its constituents and its creditors.

4. Other than the one judgment creditor, none of the aforementioned parties received notice of this *pro se* filing. The sad part of all of this is the fact that the Movant has entered into a long term ground lease for the Property, and is willing to pay $4,200,000.00 for the property, and has already advanced approximately $800,000.00 of those funds. To finalize the transaction, the Debtor needed to obtain approval from the New York State Attorney General's Office, which it has failed to do. A copy of that Lease and Amendments thereto is annexed as Exhibit "E".

5. Movant asserts that rather than dismissing this case due to lack of counsel, that an operating trustee be appointed, who can hire counsel and consummate the lease transaction,

which will generate sufficient funds to pay all creditors and create a surplus to be disbursed according to applicable state law.

6. Since the Debtor is a not for profit corporation, it cannot be converted to a case under Chapter 7, without its consent. Since this Court can appoint an operating trustee under these circumstances, it would appear that is the only thing that will result in this Property being monetized for the benefit of its creditors and its not for profit purposes.

**THE LEGAL STANDARD TO APPOINT A CHAPTER 11 OPERATING TRUSTEE**

7. Chapter 11 of the Bankruptcy Code allows a debtor in possession to continue to retain management and control of property of his estate. 11 U.S.C. § 1107. As such, a debtor in possession owes fiduciary duties to the bankruptcy estate and must, among other things, "protect and . . . conserve property in [its] possession for the benefit of creditors" and "refrain[] from acting in a manner which could damage the estate, or hinder a successful reorganization of the business." *In re Ashley River Consulting, LLC*, 2015 WL 1540941, at *8 (Bankr.S.D.N.Y. Mar. 31, 2015) (citations omitted). An operating trustee can be appointed in a not for profit case where a relgous entity is involved. *Found. Capital Res., Inc. v. Mount Moriah African Methodist Episcopal Church, Inc.,* No. 20-CV-02497 (DG), 2022 U.S. Dist. LEXIS 96786 (E.D.N.Y. May 31, 2022) (Dismissal order vacated and remanded to determine if operating trustee should be appointed).

8. "While there is a presumption that a debtor should be permitted to remain in possession of its business, that presumption is not absolute." *In re Sillerman*, 605 B.R. 631, 640 (Bankr. S.D.N.Y. 2019). "The willingness to allow a [d]ebtor to remain in possession of its assets is predicated upon the assumption that the [d]ebtor will carry out its fiduciary obligations." Id. "[I]f a debtor-in-possession defaults in its responsibilities, the debtor may be dispossessed of

control of its business and a chapter 11 trustee appointed." *Ashley River Consulting*, 2015 WL 1540941, at *8.

9.      "The Court may order the appointment of a chapter 11 trustee, at any time, for "cause" under Subsection 1104(a)(1) or "in the interests of creditors" under Subsection 1104(a)(2), which constitute "two distinct and independent provisions." *Sillerman,* 605 B.R. at 641" .*Id.* at  . Courts have "wide discretion in considering the relevant facts" and are "not required to conduct a full evidentiary hearing in considering a motion for the appointment of a chapter 11 trustee." *Id.* (finding that the record evidence, including the undisputed facts, provided clear and convincing evidence to support a finding of cause for appointment of a Chapter 11 trustee).

10.     Section 1104 of the Bankruptcy Code allows the court appoint an operating trustee in chapter 11 cases under multiple scenarios.  Not only does "cause" exist, requiring appointment of an operating trustee pursuant to § 1104(a)(1), the appointment of an operating trustee is also in the best interests of creditors pursuant to § 1104(a)(2).

11.     Section 1104(a)(1) authorizes the court to appoint a chapter 11 trustee upon the showing of "cause, including fraud, dishonesty, incompetence or gross mismanagement of the Debtor's affairs by current management, either before or after the commencement of the case. . . ."  Once the court makes a finding that cause exists under § 1104(a)(1), "there is no discretion; an independent trustee must be appointed." *In re V. Savino Oil & Heating Co., Inc*., 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989*); In re Oklahoma Refining Company*, 838 F.2d 1133, 1136 (10th Cir 1988); *In re St. Louis Globe-Democrat, Inc*., 63 B.R. 131, 138 (Bankr. E.D.Mo. 1985); *In re Ford*, 36 B.R. 501, 504 (Bankr. W.D.Ky. 1983); *In re Deena Packaging Industries, Inc*., 29 B.R. 705, 706 (Bankr. S.D.N.Y. 1983); *In re Bonded Mailings, Inc*., 20 B.R.. 781, 786 (Bankr.

E.D.N.Y. 1982*); In re McCordi, Corp.*, 6 B.R. 172, 177-178 (Bankr. S.D.N.Y. 1980); *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 644 (Bankr. E.D.N.Y. 1980) (Under § 1104(a)(1) the court's discretionary powers are circumscribed and limited to a judicial determination of whether "cause", as enumerated, exists). A court may consider both the pre-petition and post-petition misconduct of the current management when making the determination that "cause" exists for the appointment of a trustee. *Midatlantic Nat'l Bank v. Anchorage Boat Sales, Inc. (In re Anchorage Boat Sales, Inc.),* 4 B.R. 635, 644-45 (Bankr. E.D.N.Y. 1980).

12. Under 11 U.S.C. § 1104(a)(1), the bankruptcy court must appoint a trustee if a movant, after notice and a hearing, demonstrates "cause." 11 U.S.C. § 1104(a)(1) ("[T]he court *shall* order the appointment of a trustee . . .") (emphasis added). Section 1104(a)(1) provides four non-exclusive circumstances constituting "cause" for the appointment of a trustee "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ." *Id*.

13. A finding of "cause" under Section 1104(a)(1) mandates the appointment of a trustee. *In re Ashley River Consulting, LLC*, 2015 WL 1540941, at *8 (Bankr. S.D.N.Y. Mar. 31, 2015). The list of circumstances constituting "cause" for the appointment of a trustee is nonexclusive. *In re Altman,* 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000).

14. "Cause" under subsection (a)(1) is not limited to the listed examples, such as gross mismanagement. *Id*. at 525. Some "factors that may constitute cause for the appointment of a trustee include inappropriate relations between corporate parents and subsidiaries, misuse of assets and funds, inadequate record-keeping and reporting, and various instances of conduct

found to establish fraud or dishonesty, lack of credibility, and lack of creditor confidence." *In re Futterman*, 584 B.R. 609, 616 (Bankr. S.D.N.Y. 2018).

15. These factors also apply in an analysis pursuant to Section 1104(a)(2), which "provides an independent basis for appointing a trustee when it is in the interests of creditors, even if there is no cause under Section 1104(a)(1). Id. at *11 ("Even if the Court does not find that 'cause' exists to appoint a chapter 11 trustee under section 1104(a)(1), the Court may still appoint a trustee if it is in the 'interest of the creditors ... and other interests of the estate.'"). Although the "interest of creditors" standard necessarily involves a great deal of judicial discretion, courts have considered several factors including: "(i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects of the debtor's rehabilitation; (iii) the confidence—or lack thereof—of the business community and of the creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of appointment." *In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 91 (Bankr. S.D.N.Y. 2007) (citations omitted); *In re Klaynberg,* at 3323-324.

16. Lastly, although the Second Circuit has stated that the movant on a motion to appoint a trustee has the burden of showing by "clear and convincing evidence" that the appointment of a trustee is warranted, *Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 546 (2d Cir. 2009), a recent Supreme Court decision casts doubt on that holding. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* __ U.S. __; 134 S. Ct. 1749, 1758 (2014), the Court stated that "a preponderance of the evidence standard… is the 'standard generally applicable in civil actions.'"

17. The Supreme Court has consistently held that the presumptive standard of proof in civil cases is preponderance of the evidence unless a fundamental right is implicated

or there is contrary Congressional direction. *See Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1934 (2016) (rejecting heightened burden for award of enhanced damages for patent infringement); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 34 S. Ct. 1749, 1758 (2014) (rejecting heightened burden for attorneys' fees award in patent litigation); *Grogan v. Garner*, 498 U.S. 279 (1991) (rejecting heightened burden for exceptions to discharge); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389-390 (1983) (rejecting heightened burden for securities fraud).

18. Under either section of 1104 and under either burden of proof standard, a trustee should be appointed in this case. As set forth above and as documented by the attached exhibits, the leaders of this Debtor have failed to meet any of their financial or fiduciary obligations to their creditors or their constituents.  A ground lease was entered into, that would have provided for the construction of a new church and the sale of the Property, which would have paid all creditors in full.  This is not a simple two party dispute.  There is an executory lease to be finalized, if needed, through approval of the New York Attorney General's Office, there are two pending lawsuits, a tax lien that is probably over half a million dollars at this point in time and a tax certiori case that was commenced by the Debtor in 2019 and apparently abandoned.  The Property has been boarded up by Van Buren, to prevent further injuries, and Van Buren would fund an operating trustee with the funds to secure the Property and insure it.

19. When the actions of the Debtor are viewed in their entirety, it is clear that cause exists to appoint an operating trustee under either Section 1104 (a) (1) or (2), or, at the very least, exclusivity should be terminated so that the creditors may file a plan.

WHEREFORE, it respectfully requested that the Court grant the Motion in its entirety and grant 1277 Realty and 123 5th such other and further relief as seems just and proper.

Dated:  Huntington, New York
        February 3, 2025

                                       The Law Offices of Avrum J. Rosen, PLLC
                                       Attorneys for 180 Van Buren LLC

                         BY:    /s/Avrum J. Rosen
                               Avrum J. Rosen
                               38 New Street
                               Huntington, New York 11743
                               (631) 423 8527
                               arosen@ajrlawny.com